UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:06 CV 1438 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, DIVISION | ) | AND ORDER |
| OF MOTOR VEHICLES, | ) | |
| | ) | |
| Defendant. | ) | |

On June 12, 2006, plaintiff pro se Charles D. Copeland filed this action against the State of Ohio Division of Motor Vehicles, Wendy Humphry, Terry Fisher, Jr., and Terry Fisher. In the complaint, plaintiff alleged that the State of Ohio suspended his license to operate a car dealership.  He contended the other defendants "failed to honor their contractual agreements in the purchase of said cars listed in a complaint signed by them to be completed within 30 days of signing."  (Compl. at 3.)  He sought unspecified compensatory damages and $ 10,000,000.00 in punitive damages.

On July 5, 2006, this court issued an Order notifying Mr. Copeland that his complaint may be subject to dismissal for failure to state a claim upon which relief may be granted. He was ordered to amend his complaint to set forth a cognizable claim for relief within thirty (30)

days from the date of the order. He was notified that if a legally sufficient amended complaint was not filed within the time permitted, this action would be dismissed. Catz v. Chalker, 142 F.3d 279 (6th Cir. 1998); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). Plaintiff filed an amended complaint on July 27, 2006, alleging "discrimination violation of due process rights under 14th Amendment." (Am. Compl. at 1.) This amended complaint, which is asserted solely against the State of Ohio Division of Motor Vehicles under 42 U.S.C. §§1981 and 1983, also fails to state a legally sufficient claim upon which relief can be granted. For the reasons set forth below, this action is dismissed.

### *Background*

As an initial matter, Mr. Copeland's pleading is very disjointed and, at times, difficult to decipher. He indicates that he is an African American owner of a small used car lot. He claims the State of Ohio Division of Motor Vehicles failed to properly notify him of the suspension of his license to sell motor vehicles as a result of the Ohio Attorney General's investigation into consumer complaints of odometer tampering. See OHIO REV. CODE § 4549.47. Mr. Copeland admits that some consumer complaints were filed against him with the Attorney General's office. He states:

> [T]here were complaints filed and these people were persons who have failed to honor their contracts. Before I could resolve these complaints my license were [sic] suspended this prohibited me from trying to resolve in the name of the dealership and was not allowed to resolve these complaints and issues further the action of D.M.V. kept some secret and not allowed the plaintiff a copy of said complaint or give him an opportunity to resolve the issues to clear ones name.

(Am. Compl. at 14.) He indicates that "action was taken in the form of suspension due to plaintiff's non-participation in the slush fund." (Am. Compl. at 2.) The court presumes that the slush fund

to which Mr. Copeland is referring is the $ 25,000.00 surety bond which a dealer must post to continue to operate his business once an investigation into odometer tampering has been commenced.  See OHIO REV. CODE § 4549.50.  He states he, like many other small business owners, had never heard of the slush fund, although he discovered someone at a larger dealership who appeared to understand this requirement.  Mr. Copeland contends he did not receive formal written notice of the suspension of his license.  He states he therefore must file in federal court "as plaintiff has done before in previous case # 5:03 CV 827."  (Compl. at 2.)  Mr. Copeland contends that he obtained a favorable judgment in that matter against the Bureau of Motor Vehicles.  This court's record, however, indicates that the action was dismissed sua sponte by the court because Mr. Copeland failed to state a claim upon which relief could be granted.  Mr. Copeland also asserts that he has been the victim of discrimination on the basis of his race.  He seeks compensatory and punitive damages.

### *Analysis*

The state and federal governments have long possessed immunity from suit for damages in state or federal courts.  Alden v. Maine, 527 U.S. 706, 713 (1999).  The federal government's immunity is not found in any one provision of the Constitution, but rather "is derived by implication" from the nature of sovereignty itself.  Keifer & Keifer v. Reconstruction Fin. Corp., 306 U.S. 381, 388 (1939); Ernst v. Rising, No. 02-2287, 2005 WL 2757534, slip op. at 3-4 (6th Cir. Oct. 26, 2005).  For the states, that immunity is supported by the Eleventh Amendment to the United States Constitution.  Alden, 527 U.S. at 713-14 (stating that "any doubt regarding the constitutional role of the States as sovereign entities is removed by the Tenth Amendment.")  The states' immunity from suits in federal court applies to claims against a state by citizens of the same

state as well as to claims against a state by citizens of another state. See Alden, 527 U.S. at 728; Barton v. Summers, 293 F.3d 944, 948 (6th Cir. 2002). The immunity also applies to actions against state officials sued in their official capacity for retroactive relief. See Lapides v. Bd. of Regents, 535 U.S. 613-623 (2002); Edelman v. Jordan, 415 U.S. 651, 664-66 (1974); Rossborough Mfg. Co. v. Trimble, 301 F.3d 482, 489 (6th Cir. 2002). Mr. Copeland brings this action solely against the State of Ohio seeking monetary relief. This court lacks subject matter jurisdiction to entertain this action against a state or a state government agency. Moore v. City of Harriman, 272 F.3d 769, 772-774 (6th Cir. 2001).

## *Conclusion*

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: August 16, 2006						*s/   James S. Gwin*
								JAMES S. GWIN
								UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.